GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
SOPHY MANES (State Bar No. 287583)
smanes@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576 0200
Facsimile: (415) 576 0300

Attorneys for Plaintiffs
THE BRITA PRODUCTS COMPANY and BRITA LP

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BRITA PRODUCTS COMPANY, a Delaware Corporation, and BRITA LP, a Canadian limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>SINAN YASAR, an individual, and UNITED SUPPLY & TRADE, LLC, a Virginia limited liability company,<br><br>Defendants. | Case No. 3:18-cv-1831<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT,**<br>**(2) FALSE DESIGNATION OF ORIGIN,**<br>**(3) TRADEMARK DILUTION, AND**<br>**(4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint against Defendants Sinan Yasar and United Supply & Trade, LLC (collectively "United" or "Defendants"), Plaintiffs The Brita Products Company and Brita LP (collectively "Brita" or "Plaintiffs") allege as follows:

**SUMMARY OF COMPLAINT**

1. Brita owns the "BRITA" brand and uses it in connection with its world famous water filtration systems, filters, pitchers, and faucet-mounted and under-sink filter systems. For decades, Brita has used the famous BRITA trademark to showcase its brand on its products and related retail services. United has misappropriated and adulterated Brita's trademark in order to trade on the goodwill, fame and popularity of the BRITA trademark. United uses BRITA SINK,

BRITASINK, BRITA, www.britasink.com, and www.britashop.us to refer to its identical, similar and highly-related products and services, including sinks, faucets and related retail services. Defendant Yasar has also applied for a federal trademark registration for the mark BRITA SINK (Serial No. 87/780,034). When Brita learned of this infringement, it demanded that United withdraw and stop use of any BRITA-formative trademark. United refused. This action is necessary to stop United's deception of consumers and its misappropriation of Brita's intellectual property and goodwill. BRITA seeks a preliminary and permanent injunction, damages, attorneys' fees and costs.

## JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

2.      Brita's first, second, and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act) and 28 U.S.C. § 1332 (diversity). This Court also has supplemental jurisdiction over the fourth state law claim under 28 U.S.C. § 1367.

3.      Jurisdiction over United is proper because United has availed itself of commercial opportunities in this judicial district. It advertises: "We are located in Springfield, Virginia for convenient shipping across the country." Brita is informed and believes that United has sold products in California and in this judicial district and specifically has targeted the trademark and goodwill that belongs to Brita's U.S. operation which is located in this judicial district. Brita is further informed and believes that United has developed a transactional website through which it sells or intends to sell infringing BRITA SINK products, and that it is selling or plans to sell such products in California and this judicial district.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Brita is informed and believes that United transacts affairs in this district, including selling the infringing products and targeting trademarks and goodwill belonging to residents of this district, and because a substantial part of the events giving rise to the asserted claims arose in this district.

5.      Intra-district assignment to any division of the Northern District is proper under

Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## THE PARTIES

6. The Brita Products Company ("Brita US") is a Delaware Corporation with its principal place of business in Oakland, California. Brita US owns a controlling share of Brita LP ("Brita Canada") which owns the U.S. federal registrations for the BRITA trademarks. Brita US, under a marketing and services agreement, is authorized to market and promote the BRITA trademark in the United States and, unless Defendants are restrained, will suffer great commercial harm in its ability to provide and profit from these services and the goodwill that attaches to the BRITA brand. Brita sells, markets and licenses a variety of water filtration systems, including pitchers, water bottles, filters, and faucet-mounted and under-sink filters under the BRITA brand and other BRITA-formative trademarks. It markets these products throughout the United States and on www.brita.com. Brita's products are available in countless retail stores throughout the country. The BRITA trademark is famous throughout the United States for its high quality, innovative products.

7. United purports to be a Virginia limited liability company headquartered in Springfield, Virginia. United sells a variety of products and operates a "division" that it calls BRITA SINK. It sells sinks and faucets under the BRITA SINK trademark and refers to itself as "Brita" or "BRITA" in its marketing materials. It purports to sell these products through third party retailers and online throughout the United States. United has authorized, directed, or actively participated in the alleged wrongful conduct.

8. Sinan Yasar is the owner and President of United and purports to be "doing business as" United Supply and Trade. Brita is informed and believes that Yasar is directing and authorizing the alleged infringing and wrongful conduct.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

**Brita's Famous Mark**

9. The BRITA brand originated in 1966 in Germany. Plaintiffs originally licensed the BRITA trademarks in 1988 and then, in 2000, Brita Canada acquired the rights to the BRITA trademarks for the Americas, including the United States and Canada. These marks are marketed

and advertised by Brita US, and licensed to others in the United States.

10. Brita Canada owns multiple U.S. federal trademark registrations and applications. Brita US is licensed to use Brita Canada's trademarks throughout the United States for advertising, marketing and other services relating to the products specified in Brita Canada's registrations in addition to other related products. Brita also has made common law use of other marks, including www.brita.com, for related retail, marketing and educational purposes and products. These marks (collectively "BRITA Marks") have been well known and famous in the United States since long before United began use of its BRITA SINK marks.

11. Brita Canada owns the following federal registrations, among others:

| BRITA
Reg. No. 1,418,810 | Class 1: ion exchange resins and adsorbants for removing chemical impurities from water.

Class 9: apparatus for handling water to be purified, namely, flow and fill control units and flow metering units for domestic or industrial use

Class 11: water filters including refill packages, filter cartridges and filter cartridges with ion exchange materials or adsorbants for removing particulate and chemical impurities from water, for domestic or industrial use and the like. | First Use: 1980 |
|---|---|---|
| BRITA
Reg. No. 2,692,101 | Class 21: portable water dispensers; water filtration pitchers sold empty [and portable water filter bottles sold empty] | First Use: 1980 |

COMPLAINT
Case No. 3:18-cv-1831

- 4 -

| | | |
|---|---|---|
| BRITA<br>Reg. No. 4,707,748 | Class 11:  water filters<br><br>Class 21:  portable water dispensing units | First Use:  1980 |
| BRITA<br>Reg. No. 2,719,008 | Class 11:  water filtering units for household use; water filter cartridges; faucet mounted water filtration units; water filters.<br><br>Class 21:  water dispensers; pitchers; [ portable bottles, sold empty ]. | First Use:  1980 |
| BRITA<br>Reg. No. 3,941,468 | Class 21:  water dispensers, namely, portable water dispensers with filtration units; pitchers | First Use:  1980 |
| BRITA LONGLAST<br>Reg. No. 5,224,503 | Class 11:  water filters. | First Use: 2017 |

12.     The registrations are valid and many are incontestable.  They confirm Brita's ownership of and exclusive right to use the BRITA Marks in commerce, establish the validity of the marks, and serve to notify competitors such as United that Brita owns the BRITA Marks and the exclusive right to use them.

13.     For decades, Brita has advertised and promoted the BRITA Marks in print, television, internet, social media and point of sale advertising.  BRITA products represent hundreds of millions of dollars in annual sales even at wholesale, and a substantial amount of revenues are reinvested in the brand in the form of advertising and promotion.  BRITA products are the leading brand of water filtration products in the United States and have won awards for innovation, including a recent honor for the BRITA Stream product, finalist for Innovation of the Year by the International Housewares Association.  Brita has won accolades for its advertising, including social media ads featuring its spokesperson, Stephen Curry, the legendary Golden State Warrior basketball player, including placing #7 in the Youtube Ad Leaderboard (March 2017); and being named a finalist for Youtube ad of the year (2017).  Samples of such ads can be seen at

https://www.youtube.com/watch?v=zI8UnfP21lI and https://www.youtube.com/watch?v=lFxZg2bQLy8&list=PLm0lty73pmg56eI-XWYgWSVZlQNN6_VXV&index=3. Some of these ads have several million views.

14. As a result of Brita's widespread sales and promotion of products bearing the BRITA Marks, the marks are widely recognized by the general public as well as consumers as identifying the source of Brita's products and became famous within the meaning of the federal Trademark Dilution Revision Act, long before United commenced its infringing activities.

**United's Infringements**

15. Yasar dba United Supply and Trade LLC filed U.S. Trademark Application Serial No. 87/780,034 for the mark "BRITA SINK" with the U.S. Patent and Trademark Office ("PTO") on February 1, 2018, covering the following goods (collectively, "United Products"): Faucets; kitchen sinks; vanity top sinks. Yasar's specimen of use, however, includes uses that do not include the word "Sink" at all, as also occurs on United's websites. *See*, *e.g.*, http://britasink.com/ ("Brita offers High Quality Sinks at a Great Value with Exceptional Service."). For example, the following use is shown in the catalog United provided to the PTO:



16. United is currently using its proposed mark and other marks and variants, including United's domain names, that incorporate "Brita" (collectively "United Marks"). These uses appear on the Internet, in catalogs, and Brita is informed and believes, in various other channels of commerce. The United Marks are nearly identical in sound, meaning and appearance and convey the same overall commercial impression as the BRITA Marks.

17. The United Products are related to the goods and services covered by the BRITA Marks and are advertised, promoted, offered in the same channels of trade and to overlapping customers as those to whom the BRITA Marks are advertised, promoted and offered.

**Likelihood of Confusion and Dilution**

18. United's use of the infringing United Marks is likely to cause consumers to mistakenly believe that there is an association between the parties. Consumers are also likely to

be confused about who is producing, promoting and selling the United Products. United's infringing use is likely to misleadingly direct consumers to United's websites where, upon reaching such sites, consumers are likely to believe that BRITA SINK sinks, faucets and other products and services originate from, or are sponsored by Brita—when that is not the case.

19. United's infringing United Marks are nearly identical to the BRITA Marks so that they are likely to dilute the distinctive quality of the BRITA Marks that Brita has worked so hard to build over the last several decades.

20. To the extent that United Products do not directly overlap with products that Brita sells, United's products are highly related to Brita's products such that consumers and other purchasers of United's Products are likely to believe that Brita is releasing a new line extension or is expanding its existing product offering to include sinks and faucets.

21. United has copied the most distinctive features of Brita's BRITA Marks. The United Marks and their use will dilute the distinctiveness and goodwill enjoyed by the BRITA Marks and their unique association with Brita.

22. Brita has demanded that United immediately cease its willful and deliberate illegal conduct, but United has refused and continues to infringe and dilute the BRITA Marks. United's willful misconduct has injured Brita and, if allowed to continue, will cause substantial and lasting harm to Brita and its reputation in the marketplace.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT – LANHAM ACT)**

23. Brita Canada incorporates the allegations in paragraphs 1 - 22 as if they were fully set forth here.

24. Without Brita Canada's consent, United has used, in connection with the sale, offering for sale, distribution or advertising of its products, words and designs that infringe upon Brita Canada's registered BRITA Marks.

25. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

26. As a direct and proximate result of United's infringing activities, Brita Canada is

entitled to recover United's unlawful profits and Brita Canada's substantial damages under 15 U.S.C. § 1117(a).

27. United's infringement of Brita Canada's BRITA Marks is an exceptional case and was intentional, entitling Brita Canada to treble the amount of its damages and United's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

28. Brita Canada is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**SECOND CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN – LANHAM ACT)**

29. Brita incorporates the allegations in paragraphs 1 - 28 as if they were fully set forth here.

30. United's use of United's infringing marks falsely describes its products within the meaning of 15 U.S.C. § 1125(a)(1). United's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of United's products, to the detriment of Brita and in violation of 15 U.S.C. § 1125(a)(1).

31. As a direct and proximate result of United's infringing activities, Brita is entitled to recover United's unlawful profits and Brita's substantial damages under 15 U.S.C. § 1117(a).

32. United's infringement of Brita's BRITA Marks is an exceptional case and was intentional, entitling Brita to treble the amount of its damages and United's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

33. Brita is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM FOR RELIEF**
**(DILUTION – LANHAM ACT)**

34. Brita incorporates the allegations in paragraphs 1 - 33 as if they were fully set forth here.

35. Brita's BRITA Marks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were distinctive and famous prior to United's conduct as alleged in this Complaint.

36. United's conduct is likely to cause dilution of Brita's BRITA Marks by diminishing

their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

37. United's dilution of Brita's BRITA Marks is an exceptional case and was intentional, entitling Brita to recover United's profits and treble the amount of Brita's damages and United's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

38. Brita is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

**FOURTH CLAIM FOR RELIEF**
**(UNFAIR COMPETITION – CALIFORNIA BUS. & PROF. CODE § 17200)**

39. Brita incorporates the allegations in paragraphs 1 - 38 as if they were fully set forth here.

40. United's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

41. As a consequence of United's actions, Brita has suffered and continues to suffer competitive harm, and is entitled to injunctive relief preventing the conduct alleged in this Complaint, as well as attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Brita prays that this Court grant the following relief:

1. Adjudge that Brita's BRITA Marks have been infringed by United's violation of Brita's rights under common law, 15 U.S.C. § 1114, and/or California law;

2. Adjudge that United has made false and misleading statements, engaged in deceptive conduct, and competed unfairly with Brita, in violation of Brita's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3. Adjudge that United's activities are likely to dilute Brita's famous BRITA Marks in violation of Brita's rights under 15 U.S.C. § 1125(c) and California law;

4. Adjudge that United, its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under any of them, be enjoined and

restrained at first during the pendency of this action and thereafter permanently from:

  a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any advertisements or products that display any words or symbols that so resemble Brita's BRITA Marks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Brita, including, without limitation, any use of any mark that includes BRITA, in any form, or any other approximation of Brita's BRITA Marks in connection with Brita's products, the United Products or any products that are related to Brita's products;

  b. Using, applying for, or registering any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of United or its products with Brita, or as to the origin of United's goods, or falsely designates the origin of United's products or suggests that Brita is affiliated with, has authorized or otherwise has sponsored United's products;

  c. Further infringing the rights of Brita in and to any of its trademarks in its BRITA brand or otherwise damaging Brita's goodwill or business reputation;

  d. Further diluting the BRITA Marks;

  e. Otherwise competing unfairly with Brita in any manner; and

  f. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

  5. Adjudge that United be required immediately to supply Brita's counsel with a complete list of individuals and entities to whom it has provided, offered, distributed, advertised or promoted, the infringing products as alleged in this Complaint;

  6. Adjudge that United be required immediately to deliver to Brita's counsel its entire inventory of infringing materials, including without limitation, packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices, electronic files and other material for producing or printing such items, that are in its possession or subject to its control and that infringe Brita's BRITA Marks as alleged in this Complaint;

  7. Adjudge that United, within thirty (30) days after service of the judgment

demanded herein, be required to file with this Court and serve upon Brita's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8. Adjudge that Brita recover from United its damages and lost profits, and United's profits from sales made in conjunction with products or services bearing the infringing or diluting marks, in an amount to be proven at trial;

9. Adjudge that Brita be awarded its costs and disbursements incurred in connection with this action, including Brita's reasonable attorneys' fees and investigative expenses; and

10. Adjudge that all such other relief be awarded to Brita as this Court deems just and proper.

DATED: March 23, 2018

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gregory S. Gilchrist*
GREGORY S. GILCHRIST
SOPHY MANES

Attorneys for Plaintiffs
THE BRITA PRODUCTS COMPANY and
BRITA LP

**DEMAND FOR JURY TRIAL**

The Brita Products Company and Brita LP demand that this action be tried to a jury.

DATED: March 23, 2018

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gregory S. Gilchrist*
GREGORY S. GILCHRIST
SOPHY MANES

Attorneys for Plaintiffs
THE BRITA PRODUCTS COMPANY and
BRITA LP

70646946V.1

COMPLAINT
Case No. 3:18-cv-1831

- 11 -